ON MOTION TO DISMISS
WIGGINTON, Judge.
Appellee Keller Building Products of Jacksonville, Inc. (Keller) has moved for dismissal of the appeal as to it, arguing in the alternative that appellant Kennedy *569 waived his right to appeal by failing to object or present any argument in opposition to the summary judgment obtained by Keller against appellee Tiki Investment Company (Tiki), or that Kennedy has no standing to appeal that summary judgment. Agreeing with Keller’s latter contention, we grant the motion to dismiss.
Below, Kennedy sought damages for the death of his son, who fell through the screen of a window at the Tiki Apartments. Kennedy named as defendants the owner of the Tiki Apartments, Tiki Investment Company, and the architect of the building, alleging negligent inspection, maintenance and design of the windows. Tiki, in turn, filed a third party complaint against Keller, alleging negligent design and manufacture of the window and screen and failure to warn of the dangerous condition of the window and screen.
Both Tiki and Keller moved for summary judgments. The trial court entered summary judgment in favor of Tiki against Kennedy, and in favor of Keller against Tiki.
Kennedy brought this appeal from both portions of the summary judgment for Tiki and Keller, naming those parties as appel-lees. However, Tiki has not, in turn, appealed the summary judgment as it pertains to Keller.
In the motion to dismiss, Keller points out that Kennedy has never asserted any claim against Keller, and that the summary judgment entered in Keller’s favor was entered on the claim of Tiki and was not appealed by Tiki. Keller concludes that since Kennedy never pursued any claim against Keller, Kennedy was not adversely affected or aggrieved by Keller’s summary judgment, and, consequently, has no standing to appeal that summary judgment.[1]
The procedural anomaly illustrated by this cause has apparently not been addressed in Florida. However, in Mitchell v. Mackin, 376 So.2d 684 (Ala.1979), the Supreme Court of Alabama had before it an identical issue and held:
[Wjhere a third-party defendant was brought into a case by a third-party complaint filed by the defendant who did not appeal, the only matter before the Court was that of the original plaintiff who had no claim against the third-party defendant; therefore, the judgment in favor of the third-party defendant should stand.
376 So.2d at 685. The court concluded that the third-party defendant was not a party to the appeal, and granted the motion to dismiss.
We agree with the simplistic rationale in Mitchell and apply it to the instant case. Therefore, Keller is not a party to this appeal, and the motion to dismiss is granted.[2]
BOOTH and BARFIELD, JJ., concur.

. On that basis, Keller distinguishes the instant case from the facts in Sheradsky v. Basadre, 452 So.2d 599 (Fla. 3d DCA 1984). In Sheradsky, the court held that a third party defendant may appeal the merits of the original judgment in the main case, even though the third party plaintiff did not appeal. The philosophy behind that holding is premised on the parallel interests shared by the third party plaintiff and the third party defendant, and on notions of due process and equal protection. However, as Keller argues, where it is the plaintiff in the main action who is appealing, the underpinnings of the Sheradsky opinion are not as compelling. Consequently, we distinguish Sheradsky from the instant case.

. Because of our holding herein, we need not reach Keller’s motions to strike Tiki’s and Kennedy’s responses to the motion to dismiss.